**Geary Melvin GERMAN, Petitioner— Appellant,**

v.

**Anthony LAMARQUE, Warden, Respondent—Appellee.**

No. 05–16635.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 2007.

Filed March 19, 2007.

Geary Melvin German, Soledad, CA, pro se.

A.J. Kutchins, Esq., Berkeley, CA, for Petitioner–Appellant.

Martin S. Kaye, Esq., AGCA–Office of the California Attorney General, Oakland, CA, Juliet B. Haley, Esq., Office of the Deputy Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Circuit Judge, CLIFTON, Circuit Judge, and SCHIAVELLI *, District Judge.

States District Judge for the Central District

MEMORANDUM **

Geary Melvin German ("German") petitions for a writ of habeas corpus, claiming that the admission of hearsay statements at his murder trial violated the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. At trial, several witnesses testified that German's accomplice, James O'Malley ("O'Malley"), told them that German hired him to kill German's wife. The state trial court admitted this testimony under the declarations-against-interest exception. Cal. Evid.Code § 1230. The California Court of Appeal held that the statements were properly admitted, because they contained particularized guarantees of trustworthiness as required by *Lilly v. Virginia,* 527 U.S. 116, 125, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999).

As the Supreme Court recently made clear, *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), does not apply retroactively on collateral review. *Whorton v. Bockting,* — U.S. —, 127 S.Ct. 1173, 1176–77, 167 L.Ed.2d 1 (2007). German's Confrontation Clause claims, which originate from his trial in 1993 and direct appeal in 2001, are therefore analyzed pursuant to the applicable case law prior to *Crawford.* Because *Crawford* is not applied retroactively on collateral review, a state court's reliance on *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), and its progeny, is not contrary to nor an unreasonable application of federal law. *See, e.g., Mungo v. Duncan,* 393 F.3d 327, 336 (2d Cir. 2004); *Stevens v. Ortiz,* 465 F.3d 1229, 1235–38 (10th Cir.2006).

Admission of a hearsay statement does not violate a defendant's Sixth Amendment rights if (1) the statement falls within a firmly-rooted hearsay exception; or (2) it contains particularized guarantees of trustworthiness. *Lilly,* 527 U.S. at 124–25, 119 S.Ct. 1887 (citing *Roberts,* 448 U.S. at 66, 100 S.Ct. 2531). Because the statements-against-penal-interest exception is not firmly-rooted, *Hernandez v. Small,* 282 F.3d 1132, 1139–40 (9th Cir.2002), O'Malley's statements were admissible at trial only if they were sufficiently trustworthy.

O'Malley's statements were spontaneously made to close friends, without any expectation that they would later be used at trial. His consistent repetition of the statements bolsters their reliability. There was also no indication that O'Malley's motivation was to shift blame to German or minimize his involvement. *Compare Lilly,* 527 U.S. at 139, 119 S.Ct. 1887. The California Court of Appeal's decision that the statements had particularized guarantees of trustworthiness was, thus, not contrary to, nor an unreasonable application of, clearly-established federal law at the time of the appeal. 28 U.S.C. § 2254(d).

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.